UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

Starry M. Hodge,

        Defendant.

_____/

Case No. 11-10711

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14]**

This matter comes before the Court on Plaintiff's motion for summary judgment, brought pursuant to Federal Rule of Civil Procedure 56(c). Having reviewed and considered the parties' briefs, and the entire file, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. Having considered the entire record, and for the reasons set forth below, Plaintiff's motion is GRANTED.

**I. Facts**

On October 5, 1996, Defendant, Starry M. Hodge ("Hodge"), proceeding *pro per*, executed a promissory note to secure a Federal Family Education Loan Program Consolidation loan from Key Bank. (Pl.'s Ex. 1, Certificate of Indebtedness.) The loan was disbursed on November 13, 1996 for $46,300.52 at 9 percent interest per annum. (*Id.*) The loan was guaranteed by Pennsylvania Higher Education Assistance Agency ("PHEAA"), and reinsured by the Department of Education (the "Department"), under

1

loan guaranty programs authorized under Title IV-B of the Higher Education Act, as amended, 20 U.S.C. 1071 *et seq.* (34 C.F.R. § 682.100)

Hodge defaulted on this student loan obligation on October 9, 2002. (*Id.*) The PHEAA paid a claim in the amount of $71,147.09, and was unable to collect the full amount due. (*Id.*) The PHEAA assigned its right and title to the loan to Plaintiff United States of America (the "Government"), on June 16, 2008. (*Id.*)

The Government has calculated, that as of July 14, 2011, the balance owed by Hodge was $123,790.02. (Pl.'s Mot. at 6.) Interest continues to accrue at a rate of $17.53 per day. (Pl.'s Ex. 1, Certificate of Indebtedness.)

## II. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing' – that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Revised Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The revised Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002).

### III. Analysis

"To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or

3

holder of the note and (3) the note is in default." *U.S. v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009) (citing *U.S. v. MacDonald*, No. 93-1924, 1994 WL 194248, at *2 (6th Cir. 1994) (per curiam); *U.S. v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)). "Once such a prima facie case is established, defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation." *Id.* (citing *U.S. v. Davis*, 28 F. App'x 502, 503 (6th Cir. 2002)).

### A. Plaintiff has Established a Prima Facie Case

The Government can establish "a prima facie case that it is entitled to collect on a promissory note [by introducing] the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst." *Guillermety v. Sec'y of Educ.*, 341 F.Supp.2d 682, 688 (E.D. Mich. 2003) (Borman, J.) (citing *Davis*, 28 F. App'x. at 503).

In *Davis*, the Sixth Circuit found a district court had properly granted summary judgment to the government when it attached a promissory note to its complaint and filed a certificate of indebtedness from the Department. *Davis,* 28 F. App'x at 503. A loan analyst also certified under penalty of perjury that the defendant had defaulted on his loan and was indebted to the government. *Id. See U.S. v. Rippy*, No. 08-13150, 2009 WL 1600711, at *1 (E.D. Mich. June 8, 2009) (Cox, J.) (finding the government established its prima facie case when it attached a copy of a promissory note that was signed by the defendant, a Certificate of Indebtedness and a signed affidavit from a loan analyst); *see also U.S. v. Jester,* No. 09-15069, 2010 WL 5330482, at *1 (E.D. Mich., Dec. 21, 2010) (Rosen, J.) (finding that the government established a prima facie case

when it included a promissory note and a certificate of indebtedness signed by a loan analyst under penalty of perjury with the summary judgment motion).

As in *Davis*, here, the Government has established its prima facie case. The Government has included the promissory note signed by Hodge. (Pl.'s Ex. 2, Promissory Note.) The Government has additionally produced a Certificate of Indebtedness, which was signed under penalty of perjury by a loan analyst, indicating that Hodge defaulted on the loan. (Pl.'s Ex. 1, Certificate of Indebtedness.)

Because the Government has established its prima facie case, the burden shifts to Hodge to "prov[e] the nonexistence, extinguishment or variance in payment of the obligation." *Petroff-Kline*, 557 F.3d at 290.

**B. Defendant Has Not Proven the Nonexistence, Extinguishment, or Variance in Payment of the Obligation.**

In order to rebut the Government's prima facie case, "[i]t is not sufficient for the defendant to merely allege nonliability." *U.S. v. Johnson,* No. 02-75044, 2005 WL 1355097, at *3 (E.D. Mich. May 4, 2005) (Rosen, J.) (*citing U.S. v. Durbin,* 64 F. Supp. 2d 635, 636 (S.D. Texas 1999)). Instead, Hodge must "produce specific and concrete evidence of the nonexistence, payment, discharge, or deferment of the debt." *Id.*

Here, Hodge has failed to rebut the Government's prima facie case. Hodge does not deny that she executed the promissory note in question, or that the student loan financed her education. Hodge does dispute the balance owed.[1] (Def.'s Ans.)

---

[1] The principal balance stated by the Government is correct. Under 34 C.F.R § 682.410(b)(4), once a guarantor pays on a default claim, the entire amount paid

5

However, this is not a sufficient defense. *See U.S. v. Corley*, No. 10-13024, 2011 WL 309608, at * 3 (E.D. Mich. Jan. 1, 2011) (Rosen, J.) (granting the government's motion for summary judgment because the defendant had not "rebutted the competency or accuracy of the affidavit, promissory note, nor the Certificate of Indebtedness."); *see also U.S. v. Pratt*, 34 F. App'x 191, 192 (6th Cir. 2002) (finding that the defendant "did not deny that he executed the seven promissory notes in question, his education was financed by the student loans, and that he did not repay the amount borrowed.").

Therefore, because Hodge has not met her burden to show that a genuine issue of material fact exists, the Government's motion for summary judgment is granted. The Government is entitled to the amount of $123,790.02, plus pre-judgment interest from the date of filing the Complaint, and $350.00 in court costs[2] plus post judgment interest pursuant to 28 U.S.C. § 1961.[3]

**IV. Conclusion**

---

becomes due to the guarantor as principal. (Pl.'s Ex. 1, Certificate of Indebtedness.) Here, the guaranty agency paid a claim in the amount of $71,130.94. (*Id.*) Pursuant to 24 C.F.R. § 682.410(b)(4), this amount became the principal, and interest continues to accrue. (*Id.*)

[2] Although 34 C.F.R. § 682.410, only authorizes the Government to recover so-called "reasonable collection costs," from a defaulted borrower, 20 U.S.C. § 1091a(b)(1), the Department has interpreted such costs to include, among other things, court costs. *See* 34 C.F.R. § 682.410(b)(2). Therefore, the Government should be entitled to costs in the amount of $350, reflecting this Court's filing fee.

[3] Pursuant to 28 U.S.C. § 1961(a), the Government is also entitled to post-judgment interest. The rate of such interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C.A. § 1961(a) (West 2000).

For the above stated reasons, Plaintiff's motion for summary judgment should be GRANTED.

SO ORDERED.

>s/Nancy G. Edmunds
>Nancy G. Edmunds
>United States District Judge

Dated: August 9, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 9, 2011, by electronic and/or ordinary mail.

>s/Carol A. Hemeyer
>Case Manager